CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

4/29/2019

JULIA C. DUDLEY, CLERK
BY: s/ C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN FORREST HAM, JR., | ) | |
| Petitioner | ) | Civil Action No. 7:18CV00649 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN M. BRECKON, | ) | By: Hon. Glen E. Conrad |
| Respondent | ) | Senior U.S. District Judge |

Petitioner John Forrest Ham, Jr., a federal inmate proceeding pro se, submitted this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Ham cites United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) and other cases, contending that he must be resentenced without the application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). In response to the petition, the United States has summarily conceded that Ham is entitled to sentencing relief under § 2241. Specifically, the United States asserts that under United States v. McLeod, 808 F.3d 972 (4th Cir. 2015), United States v. Hemingway, 734 F.3d 323 (4th Cir. 2013), and Mathis v. United States, 136 U.S. 2243 (2016), Ham no longer meets the requirements of the ACCA, and his current sentence exceeds the otherwise applicable statutory maximum. After consideration of the parties' submissions and court records, the court will require the United States to show cause why this court has jurisdiction to grant the requested sentencing relief under § 2241.

I.

Ham is currently confined at the United States Penitentiary Lee County, located in this district. Pursuant to a judgment entered on September 10, 2010, in Criminal Action No. 6:10-cr-00046-TMC by the United States District Court for District of South Carolina, Ham stands convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1),

924(a)(2), and 924(e) (Count One); carjacking, in violation of 18 U.S.C. § 2119(1) (Count Two); and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count Three). The Court sentenced Ham to a total term of 316 months of imprisonment. Based on prior convictions, Ham's sentence was enhanced pursuant to the ACCA and the career offender provision of the United States sentencing guidelines. The judgment was affirmed on appeal. United States v. Ham, 438 F. App'x 183 (4th Cir. July 12, 2011) (unpublished).

In July 2012, Ham filed a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. Among other things, Ham argued unsuccessfully that his defense counsel was ineffective for failing to argue that two of his prior convictions—South Carolina third-degree burglary and assault and battery of high and aggravated nature ("ABHAN")—did not qualify as prerequisites for sentence enhancements under the ACCA or the career offender guideline. See United States v. Ham, Cr. No. 6:10-46-TMC, 2013 WL 4048988 (D. S.C. Aug. 9, 2013). Ham did not appeal the denial of this § 2255 action.

In June 2017, Ham filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court, claiming that his federal criminal sentence was unlawfully enhanced, based on his prior burglary and ABHAN convictions. This court denied § 2241 relief under In re Jones, 226 F.3d 328, 332 (4th Cir. 2000), construed Ham's submission as a § 2255 motion, and transferred it to the district court in South Carolina. See Ham v. United States, No. 7:17CV00295, 2017 WL 2799893 (W.D. Va. June 27, 2017). In March 2018, the South Carolina court dismissed Ham's § 2255 motion as successive, pursuant to 28 U.S.C. § 2255(h). Cr. No. 6:10-cr-00046-TMC, ECF No. 114-15. Ham did not appeal.

Three months later, in June 2018, Ham filed a motion to alter or amend the Court's March 2018 order. Ham contended that the South Carolina court should construe his submission as a § 2241 petition and transfer it back to the Western District of Virginia for consideration of his unlawful sentence claim under the recent court of appeals decision in Wheeler, 886 F.3d 415. While this motion was pending, in December 2018, Ham filed his current § 2241 petition in this court, raising claims under Wheeler.

On January 7, 2019, in the South Carolina case, United States District Judge Timothy M. Cain denied Ham's motion to alter or amend, finding his arguments under Wheeler to be without merit:

> . . . Ham contends that he should be allowed to challenge his sentence in a § 2241 petition pursuant to the savings clause of § 2255(e) and the holding in Wheeler. In Wheeler, the Fourth Circuit Court of Appeals concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241" if a petitioner can demonstrate that § 2255 is inadequate or ineffective to test the legality of a sentence. Wheeler, 886 F.3d at 428. Section 2255 is deemed inadequate or ineffective when a petitioner establishes that: 1) his sentence was legal under settled law at the time of sentencing; 2) after petitioner's direct appeal and first motion under § 2255, the substantive law changed, and the new law was made retroactive on collateral review; 3) petitioner is unable to meet the requirements of § 2255(h)(2) to file a successive motion under § 2255; and 4) the sentence imposed presents a fundamental defect due to the change in the law. Id. at 429.
>
> The court finds that Ham cannot meet the second prong of Wheeler. In seeking habeas relief, Ham relies, in part, on the following cases: Mathis v. United States, 136 S. Ct. 2243, 2257 (2016), United States v. McLeod, 808 F.3d 972 (4th Cir. 2015), and United States v. Hemingway, 734 F.3d 323, 331 (4th Cir. 2013). The holdings in Mathis, McLeod, and Hemingway were not retroactive. See, e.g., Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."); Walker v. Kassell, 726 F. App'x 191, 192 (4th Cir. 2018) (per curiam) ("[W]e affiirm because . . . Mathis . . . has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241."); Washington v. Moseley, No.5:18-1292-HMH, 2018 WL 5095148, *3 (D.S.C. Oct. 19, 2018) (petitioner is unable to satisfy the second prong of the Wheeler test because McLeod has not been found by any court to apply retroactively to collateral challenges); Ladson v. United States, No. 4:09-cr-00226-TLW, 2015 WL 3604220, at *2 (D.S.C. June 5, 2015)

(holding that Hemingway is not retroactive); Mason v. Thomas, No. 0:14-cv-2552-RBH, 2014 WL 7180801, at *4 (D.S.C. Dec.16, 2014) (same). Because Ham's habeas petition does not rely on a retroactively applicable change in substantive law subsequent to his direct appeal and first § 2255 motion, he cannot use these cases to satisfy the requirements of Wheeler.

Order 2-3, Ham, Criminal Action No. 6:10-cr-00046-TMC, ECF No. 131 (record cites omitted).

Ham's appeal of Judge Cain's ruling is currently pending in the Fourth Circuit, No. 19-6307.

## II.

A federal prisoner bringing a claim for relief from an allegedly illegal sentence must normally do so in a § 2255 motion in the sentencing court. Section 2255(e) provides that a § 2241 habeas petition raising such a claim "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). Many circuit courts of appeals, including the Fourth Circuit, have held that the last phrase in § 2255(e), known as the savings clause, is jurisdictional. Wheeler, 886 F.3d at 424-25 (citing Williams v. Warden, 713 F.3d 1332 (11th Cir. 2013)). In other words, the savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in . . . exceptional circumstance[s]." Id. at 425 (quoting Williams, 713 F.3d at 1338 (alterations and internal quotation marks omitted)).

The United States has not demonstrated that Ham's claim falls within the narrow scope of § 2255(e) as required to allow this court to address it in this § 2241 action. Moreover, Judge Cain has ruled that Ham does not qualify under the four-part standard in Wheeler to have his claim addressed under § 2241. Unless the savings clause applies to Ham's claim, this court has no "power to act." Id. Accordingly, the court will require the United States to show cause why

this court should not dismiss Ham's current § 2241 petition for lack of jurisdiction for the same reasons outlined in Judge Cain's order in March 2018. An appropriate order will enter this day.

The court will send the parties a copy of this memorandum opinion and the accompanying order.

**ENTER:** This 29ᵗʰ day of April, 2019.

                                                            _____

                                                       Senior United States District Judge