# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JOHN FORREST HAM, JR.,** | ) | **CASE NO. 7:18CV00649** |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WARDEN M. BRECKON,** | ) | **By:  Hon. Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Respondent.** | ) | |

John Forrest Ham, Jr., a federal inmate, filed this action, pro se, as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Ham asserts that he should be resentenced because his federal criminal sentence is unlawful under Mathis v. United States, __U.S.__, 136 S. Ct. 2243 (2016), and Johnson v. United States, __U.S.__, 135 S. Ct. 2551 (2015).  See United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318, 203 L. Ed. 2d 600 (2019) (allowing § 2241 challenge to federal sentence as imposed).  Upon review of the record, the court concludes that Ham's petition must be dismissed for lack of jurisdiction.

## I.

Ham is currently confined at the United States Penitentiary Lee County, located in this judicial district.  Pursuant to a judgment entered on September 10, 2010, in Case No. 6:10-cr-00046-TMC by the United States District Court for the District of South Carolina, Ham stands convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count One); carjacking, in violation of 18 U.S.C. § 2119(1) (Count Two); and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count Three).  Based on prior convictions, Ham's sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and the Career Offender

provision of the United States Sentencing Guidelines ("USSG"), § 4B1.1.  On August 31, 2010, the sentencing court imposed a total term of 319 months of imprisonment:  235 months as to Count One and 180 months as to Count Two, to run concurrently, and a consecutive term of 84 months as to Count Three.  The court also imposed five years of supervised release:  five years as to Counts One and Three and three years as to Count Two, with all terms to run concurrently.  The judgment was affirmed on appeal.  United States v. Ham, 438 F. App'x 183 (4th Cir. 2011) (unpublished).

In July 2012, Ham filed a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 in the sentencing court, which the court dismissed as without merit.  See United States v. Ham, Case No. 6:10-46-TMC, 2013 WL 4048988 (D.S.C. Aug. 9, 2013).  Ham did not appeal the dismissal of his motion.

In June 2017, Ham filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court.  He claimed that after Mathis and Johnson, two of his prior convictions—South Carolina third-degree burglary and assault and battery of a high and aggravated nature ("ABHAN")—did not qualify as predicates for sentence enhancements under the ACCA or the Career Offender guideline.  This court denied § 2241 relief under In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (setting forth restrictive test for jurisdiction through 28 U.S.C. § 2255(e) to challenge federal conviction under § 2241).  Because many courts were appointing defense counsel to assist petitioners with possible Johnson claims, the court construed Ham's submission as a § 2255 motion and transferred it to the sentencing court in South Carolina.  See Ham v. United States, Case No. 7:17CV00295, 2017 WL 2799893 (W.D. Va. June 27, 2017).  The South Carolina court dismissed Ham's § 2255 motion as successive pursuant to 28 U.S.C. § 2255(h).  United States v. Ham, Case No. 6:10-cr-00046-TMC (D.S.C. Mar. 2, 2018), ECF No. 114-15.  Ham did not appeal.

Shortly after the Fourth Circuit's decision in Wheeler, Ham filed a motion to alter or amend the South Carolina court's March 2018 order. Ham contended that the South Carolina court should construe his submission as a § 2241 petition and transfer it back to the Western District of Virginia for consideration of his unlawful sentence claim under Wheeler, 886 F.3d at 429 (setting forth restrictive requirements for jurisdiction through 28 U.S.C. § 2255(e) to challenge federal sentence under § 2241). In December 2018, while Ham's motion to alter or amend was pending in South Carolina, Ham filed his current § 2241 petition in this court challenging the validity of his federal sentence under Wheeler, Mathis, United States v. Hemingway, 734 F.3d 323 (4th Cir. 2013) (holding that South Carolina ABHAN conviction cannot serve as ACCA predicate), and United States v. Hall, 684 F. App'x 333 (4th Cir. 2017) (unpublished) (holding that South Carolina third-degree burglary cannot serve as ACCA predicate).[1]

A few weeks later, on January 7, 2019, United States District Judge Timothy M. Cain denied Ham's motion to alter or amend the order dismissing the South Carolina § 2255 case. Judge Cain found that Ham had not presented circumstances meeting the required factors under Wheeler for jurisdiction through § 2255(e) to address his sentence challenge under § 2241. Ham's appeal of Judge Cain's order was dismissed in July 2019 under 28 U.S.C. § 2253(c)(2), United States v. Ham, 773 F. App'x 746 (4th Cir. 2019) (unpublished), and the mandate issued on September 28, 2019.

---

[1] Ham also notes that the Fourth Circuit held that South Carolina second-degree burglary no longer qualifies as an ACCA predicate in United States v. McLeod, 808 F.3d 972 (4th Cir. 2015) (finding that South Carolina nonviolent second-degree burglary could not serve as ACCA predicate offense). See United States v. Lloyd, 733 F. App'x 132, 133 (4th Cir. 2018) (unpublished) (agreeing that conviction for South Carolina second-degree burglary no longer qualifies as ACCA predicate and citing McLeod).

In addition, Ham filed a second § 2255 motion on April 12, 2019, in the District of South Carolina, raising all the arguments that he raises in his § 2241 petition here. On May 2, 2019, the court of appeals denied Ham's application for certification to pursue his second § 2255 motion. Thereafter, on September 18, 2019, Judge Cain dismissed Ham's § 2255 motion as successive.

In response to Ham's current petition under § 2241 to this court, the United States has summarily declared that Ham is entitled to sentencing relief under § 2241. Specifically, the United States asserts that under United States v. McLeod, 808 F.3d 972 (4th Cir. 2015), Hemingway, and Mathis, Ham no longer meets the requirements of the ACCA, and his current sentence exceeds the otherwise applicable statutory maximum. The court directed the United States to show cause why this court has jurisdiction under § 2255(e) and Wheeler to address Ham's sentence challenge in a § 2241 petition. The United States responded by moving for a stay in light of Ham's then-pending appeal of Judge Cain's denial of his motion to alter or amend the South Carolina court's previous order dismissing his motion to vacate. In addition, the United States reiterates its argument that this court possesses jurisdiction over the petition under Wheeler, cites the official position of the Department of Justice that Mathis is retroactive, and expressly waives any procedural defenses such as the statute of limitations. Ham also filed a response to the show cause order, arguing that the petition should not be dismissed for lack of jurisdiction.

The court granted the motion for stay and, pending the outcome of Ham's appeal, ordered further briefing on the jurisdictional issue, specifically directing the United States to include a detailed legal analysis of its positions on Wheeler and Mathis. In its supplemental memorandum, the United States argued, under Teague v. Lane, 489 U.S. 288 (1989), that Mathis was directed by prior precedent and, therefore, did not announce a new rule. Under these circumstances, the United States maintains, Mathis should be applied retroactively on collateral review. In response, Ham

agrees with the United States' <u>Mathis</u> argument and suggests that the Supreme Court's ruling in <u>Johnson</u> also provides a basis for relief under <u>Wheeler</u> and the savings clause.  In addition, Ham filed a supplement to the petition in which he attacks his Career Offender designation.

After reviewing the petition and the parties' briefs on the jurisdictional issue, and noting the position of the District of South Carolina, the court appointed the Office of the Federal Public Defender to represent Ham.  Counsel thereafter filed a supplemental brief in support of the petition. Counsel maintains that Ham is entitled to relief under <u>Wheeler</u> as he is no longer subject to the ACCA enhancement.  Counsel supports the United States' analysis of <u>Mathis</u> and its conclusion that <u>Mathis</u> is retroactively applicable to cases on collateral review.  Counsel further argues that the South Carolina third-degree burglary statute, S.C. Code. Ann. § 16-11-311–313, was very similar to the burglary statute at issue in <u>Mathis</u> and that, based on <u>Mathis</u>, the Fourth Circuit found that the South Carolina statute cannot serve as a predicate felony under the ACCA.  <u>See</u> <u>Hall</u>, 684 F. App'x at 336.  Thus, the question of jurisdiction has been thoroughly briefed.

## II.

A federal prisoner bringing a claim for relief from an allegedly illegal sentence must normally do so in a § 2255 motion in the sentencing court.  Section 2255(e) provides that a § 2241 <u>habeas</u> petition raising such a claim "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>."  28 U.S.C. § 2255(e) (emphasis added).  The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy inadequate or ineffective.  <u>In re Jones</u>, 226 F.3d at 332; <u>see also</u> <u>Cradle v. United States</u>, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it,

that is determinative.  Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").

Several circuit courts of appeals, including the Fourth Circuit, have held that the last phrase in § 2255(e), known as the savings clause, is jurisdictional.  Wheeler, 886 F.3d at 424-25 (citing Williams v. Warden, 713 F.3d 1332 (11th Cir. 2013)).   In other words, the savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in . . . exceptional circumstance[s]."  Id. at 425.[2]  In this circuit, the remedy in § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  Thus, unless the parties demonstrate that Ham can satisfy the four-part test in Wheeler so that the savings clause applies to permit his sentence challenge under Mathis and Johnson in a § 2241 petition, this court has no "power to act" on his § 2241 claim.  Id.; see also Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) ("Jurisdictional restrictions provide absolute limits on a court's power to hear and dispose of a case, and such limits can never be waived or forfeited.").

---

[2]  The court has omitted internal quotation marks, alterations, and/or citations here and throughout this opinion, unless otherwise noted.

Ham and the United States make the following arguments by which they conclude that Ham meets the Wheeler factors to bring his sentence challenge in a § 2241 petition.  First, Ham's sentence was legal under settled law at the time of sentencing in August 2010.  Second, after Ham's appeal and first § 2255 motion, the Supreme Court decided Mathis under its prior precedents, making Mathis an old rule that applies on collateral review.  See Whorton v. Bockting, 549 U.S. 406, 416 (2007) ("[A]n old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review.").  In addition, after Ham's direct appeal and first § 2255 motion, the Fourth Circuit held that the South Carolina offenses (the basis for Ham's sentence enhancement) no longer qualify as ACCA predicates.  Third, Ham is unable to meet the gatekeeping provisions of § 2255(h)(2), because Mathis is a decision of statutory law, not constitutional law.[3]  Fourth, Ham's sentence as enhanced under the ACCA constitutes a fundamental defect, because, after Mathis, it exceeds otherwise applicable statutory maximum penalties for his offense.

---

[3]  To the extent that Ham also relies on Johnson in support of his Wheeler argument, that argument fails. Johnson was a decision of constitutional, not statutory, interpretation, made retroactive to cases on collateral review by the Supreme Court. See Johnson, 135 S. Ct. at 2563 (holding that imposing an increased sentence under the residual clause of the ACC "violates the Constitution's guarantee of due process"); see also Welch v. United States, __ U.S. __, 136 S. Ct. 1257, 1265 (2016)  (holding Johnson retroactively applicable to cases on collateral review); cf. Wheeler, 886 F.3d at 430 (finding that appellant satisfied Wheeler's third requirement because the case on which he relied was a statutory decision not made retroactive by the Supreme Court).

Moreover, the time for raising post-conviction claims under Johnson has long since passed.  See 28 U.S.C. § 2255(f) (noting that one-year statute of limitation applies to motions brought pursuant to § 2255, beginning on, among other circumstances, the "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); see also Stewart v. Saad, Case No. 3:17-CV-109, 2018 WL 5289503, at *5 (N.D. W. Va. Sept. 28, 2018) (noting that claim based on Johnson was time barred, as it was filed after the June 26, 2016, deadline), adopted, 2018 WL 5284206 (N.D. W. Va. Oct. 24, 2018); Jones v. Saad, Case No. 5:17CV95, 2018 WL 3688926, at *1  (N.D. W. Va. Aug. 3, 2018) (finding Johnson claim "untimely raised").

Ham raised these same arguments in his motion to alter or amend Judge Cain's order refusing to construe the § 2255 motion as a § 2241 petition and transfer it back to this court for further proceedings.  Judge Cain rejected Ham's <u>Wheeler</u> argument:

> The court finds that Ham cannot meet the second prong of <u>Wheeler</u>.  In seeking habeas relief, Ham relies, in part, on the following cases: <u>Mathis v. United States</u>, 136 S. Ct. 2243, 2257 (2016), <u>United States v. McLeod</u>, 808 F.3d 972 (4th Cir. 2015), and <u>United States v. Hemingway</u>, 734 F.3d 323, 331 (4th Cir. 2013). The holdings in <u>Mathis</u>, <u>McLeod</u>, and <u>Hemingway</u> were not retroactive.  <u>See</u>, <u>e.g.</u>, <u>Mathis</u>, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case.  For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."); <u>Walker v. Kassell</u>, 726 F. App'x 191, 192 (4th Cir. 2018) (per curiam) ("We affirm because <u>Mathis</u> has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241."); <u>Washington v. Moseley</u>, No.5:18-1292-HMH, 2018 WL 5095148, *3 (D.S.C. Oct. 19, 2018) (petitioner is unable to satisfy the second prong of the <u>Wheeler</u> test because <u>McLeod</u> has not been found by any court to apply retroactively to collateral challenges); <u>Ladson v. United States</u>, No. 4:09-cr-00226-TLW, 2015 WL 3604220, at *2 (D.S.C. June 5, 2015) (holding that <u>Hemingway</u> is not retroactive); <u>Mason v. Thomas</u>, No. 0:14-cv-2552-RBH, 2014 WL 7180801, at *4 (D.S.C. Dec.16, 2014) (same).  Because Ham's habeas petition does not rely on a retroactively applicable change in substantive law subsequent to his direct appeal and first § 2255 motion, he cannot use these cases to satisfy the requirements of <u>Wheeler</u>.

<u>United States v. Ham</u>, Case No. 6:10-cr-00046-TMC, ECF No. 131 at 2-3 (D.S.C. Jan. 7, 2019); <u>see also</u> <u>Stewart</u>, 2018 WL 5289503, at *6 (finding that petitioner could not meet second prong of <u>Wheeler</u> because <u>Mathis</u> is not retroactive); <u>Jones</u>, 2018 WL 3688926, at *1  (same).  The parties have not cited any controlling court decision reaching an outcome contrary to Judge Cain's ruling that <u>Mathis</u>, <u>McLeod</u>, and <u>Hemingway</u> fail to meet the second <u>Wheeler</u> prong.[4]  Accordingly, this court is constrained to agree with Judge Cain and conclude that it lacks jurisdiction to address Ham's claims under the savings clause and § 2241.  <u>See</u> <u>Stewart</u>, 2018 WL 5289503, at *6 (noting

---

[4]  Ham's counseled brief focuses entirely on the South Carolina third-degree burglary conviction, not on the ABHAN charge.  However, an argument based on ABHAN would fare no better, because courts continue to recognize that <u>Hemingway</u> is not retroactively applicable to cases on collateral review.  <u>See</u> <u>McGaha v. Warden PFC Edgefield</u>, Case No. 8:19-cv-2029, 2019 WL 4017996, at *7  (D.S.C. July 30, 2019) (citing cases).

that petitioner had failed to meet all four Wheeler requirements and, therefore, could not proceed

under § 2241).

Moreover, many courts (including the Fourth Circuit in unpublished opinions) have found

that Mathis did not change settled substantive law.  As the Fourth Circuit has explained:

> Descamps [v. United States, 570 U.S. 254, 133 S. Ct. 2276 (2013)] and Mathis did
> not announce a retroactively applicable substantive change in the law.  Rather, these
> cases reiterated and clarified the application of the categorical approach or the
> modified categorical approach, to determine whether prior convictions qualify as
> predicates for recidivist enhancements.  See Mathis, 136 S. Ct. at 2257 ("Our
> precedents make this a straightforward case."); Descamps, 570 U.S. at 260, 133 S.
> Ct. 2276 (noting that Court's prior case law explaining categorical approach "all
> but resolves this case"); United States v. Royal, 731 F.3d 333, 340 (4th Cir. 2013)
> ("In Descamps, the Supreme Court recently clarified when courts may apply the
> modified categorical approach.").

Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018) (unpublished); see also Cox v. Wilson,

740 F. App'x 31, 32 (4th Cir. 2018) (unpublished) ("Mathis did not announce a new, retroactively

applicable rule."); Muhammad v. Wilson, 715 F. App'x 251, 252 (4th Cir. 2017) (unpublished)

("Descamps and Mathis did not announce a substantive change to the law."); Waddy v. Warden,

FCI Petersburg, No. 3:17CV802, 2019 WL 3755496, at *3-4 (E.D. Va. Aug. 8, 2019) (dismissing

§ 2241 upon finding that because Mathis was not a "retroactively applicable change in the

substantive law subsequent to [defendant's] direct appeal and his first § 2255 motion, he cannot

satisfy the requirement of Wheeler") (quoting Brooks, 735 F. App'x at 109) (emphasis added).

This court has reached the same conclusion in similar cases.  See Cook v. Warden, USP

Lee Cty., No. 7:18CV00311, 2019 WL 6221300, at *3 (W.D. Va. Nov. 21, 2019) (Conrad, J.)

(dismissing § 2241 petition for lack of jurisdiction because "Mathis did not make a retroactive

change in substantive law as contemplated by the analysis set forth in Wheeler"); Abdul-Sabur v.

United States, 7:18CV00107, 2019 WL 4040697, at *3 (W.D. Va. Aug. 27, 2019) (Conrad, J.)

(holding that the petitioner was unable to satisfy the second <u>Wheeler</u> requirement because "<u>Mathis</u> did not change settled substantive law"), <u>aff'd</u>, 794 F. App'x 320 (4th Cir. 2020) (unpublished).

Ham has made multiple attempts to challenge his sentence enhancement under the ACCA and the Career Offender provision of the USSG.  <u>See</u> <u>Ham</u>, 2017 WL 2799893, at *1 (denying relief under § 2241 for failure to meet <u>Jones</u> standard, construing petition as motion to vacate pursuant to § 2255, and transferring it to sentencing court); <u>see also</u> <u>Ham</u>, Case No. 6:10-cr-00046-TMC, ECF No. 131 at 4 (D.S.C. Jan. 7, 2019) (order denying on merits motion for reconsideration of denial of § 2255 motion to vacate (as construed and transferred by this court) as second or successive based on Ham's failure to meet <u>Wheeler</u> standard for consideration under § 2241), <u>appeal dismissed</u>, 773 F. App'x at 747 (4th Cir. 2019).  Ham has simply failed to make the requisite showing under <u>Jones</u> and <u>Wheeler</u>.  For the reasons stated, the court will dismiss Ham's § 2241 petition without prejudice for lack of jurisdiction.  An appropriate order will issue herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record.

**ENTER**:  This  15th  day of June, 2020.

Senior United States District Judge